**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **CYNTHIA REDD,** | |
| Plaintiff, | |
| v. | No. 1:22-cv-292 |
| **WONOLO, INC.,** | (Removed from the State of Illinois, Circuit Court of Cook County, Chancery Division, Case No. 2021-CH-06120) |
| Defendant. | |

<u>**NOTICE OF REMOVAL**</u>

Defendant, Wonolo Inc. ("Wonolo" or "Defendant") hereby removes the above-captioned action, which is currently pending in the Illinois Circuit Court of Cook County, to the United States District Court for the Northern District of Illinois. This removal is based upon jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), pursuant to 28 U.S.C. §§ 1332(d), 1441(b), and 1446. In support of its Notice of Removal, Defendant states the following:

***The State Court Action***

1.     On December 8, 2021, Plaintiff Cynthia Redd ("Plaintiff") filed a putative class action complaint ("Complaint") against Wonolo in the Cook County Circuit Court, captioned *Cynthia Redd, individually and on behalf of all others similarly situated, v. Wonolo, Inc.*, Case No. 2021-CH-06120 (the "Action"). In her Complaint, Plaintiff alleges that Wonolo violated the Illinois Biometric Information Privacy Act (740 ILCS 14/1, *et seq.*) ("BIPA") in at least three different ways. (*See* **Exhibit 1**, Complaint at ¶¶ 70-97 [First, Second, and Third Causes of Action].)

2.     Plaintiff served Defendant with a copy of the Summons and the Complaint on December 16, 2021. A true and correct copy of all process, pleadings, and orders served upon

Defendant, including a copy of the Summons and Complaint, is attached as **Exhibit 1**.

3.      This Notice of Removal is timely filed, as permitted by 28 U.S.C. § 1446(b) and Federal Rules of Civil Procedure, Rule 6(a)(1)(C), given that the 30th day following Defendant's receipt of service of the Complaint and this case becoming removable fell on Saturday, January 15, 2022, and this Notice of Removal is being filed by January 18, 2022, the first day following January 16, 2022 that is not a Saturday, Sunday, or legal holiday.

4.      Plaintiff purports to bring this Action on behalf of a proposed class of "[a]ll individuals working for or staffed by Defendant in the State of Illinois who had their facial geometry collected, captured, received, or otherwise obtained, maintained, stored, or disclosed by Defendant without proper written consent during the applicable statutory period" (the "Class"). (Ex. 1, Compl., ¶ 60.)  Plaintiff asserts that the "total number of putative class members exceeds fifty (50) individuals."  (*Id.*, ¶ 62.)

5.      Plaintiff alleges that Defendant violated her rights and the rights of the Class under BIPA by:

- Failing to institute, maintain, and adhere to a publicly-available retention schedule, in violation of 740 ILCS § 14/15(a);
- Failing to obtain informed written consent and release before obtaining biometric identifiers or information, in violation of 740 ILCS § 14/15(b); and
- Failing to obtain consent before disclosing biometric identifiers and information, in violation of 740 ILCS § 14/15(d).

(*See id.*, ¶¶ 70-97 [First, Second, and Third Causes of Action].)

6.      Plaintiff seeks monetary damages on behalf of herself and the Class for each violation of BIPA, injunctive and other equitable relief, reasonable litigation expenses and attorneys' fees, pre- and post-judgment interest, and any other relief as equity and justice requires. (Ex. 1, Compl., Prayer for Relief.)

*Venue*

7.     Because the Circuit Court of Cook County lies in the Northern District of Illinois, Eastern Division, this Court is the appropriate venue for removal.  *See* 28 U.S.C. §§ 93(a)(1), 1441(a), and 1446(a).

*CAFA Jurisdiction*

8.     Removal jurisdiction exists because this Court has original jurisdiction over this action under CAFA.  CAFA grants district courts original jurisdiction over civil actions filed under federal or state law in which any member of a class of plaintiffs comprised of at least 100 individuals is a citizen of a state different from any defendant, and where the amount in controversy for the putative class members in the aggregate exceeds the sum or value of $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d).  CAFA authorizes removal of such actions pursuant to 28 U.S.C. § 1446.  Here, Plaintiff and Defendant are citizens of different states and the amount in controversy for the putative class members in the aggregate exceeds $5,000,000.

9.     Plaintiff asserts in her Complaint that she is a resident of the State of Illinois. Wonolo, which stands for "Work Now Locally," is a company that has created a job marketplace software application (the "App") through which workers can find local short-term jobs posted by third party businesses.  Wonolo's records reflect that Plaintiff provided Wonolo with an Illinois address in connection with her use of the App to find jobs posted by third-party businesses in Illinois.  Accordingly, Plaintiff is a citizen of Illinois for purposes of diversity jurisdiction. (*See* Ex. 1, Compl., ¶ 17; **Exhibit 2,** Declaration of Aurelio J. Pérez at ¶ 3.)

10.     Defendant Wonolo Inc. is incorporated under the laws of the State of Delaware. Wonolo maintains its principal place of business in Nashville, Tennessee, where, among other

things, Defendant maintains its corporate headquarters. Therefore, Defendant is a citizen of Delaware and Tennessee, not Illinois. (**Exhibit 2**, Declaration of Aurelio J. Pérez at ¶ 4.)

11.     Thus, diversity for purposes of CAFA is satisfied because Plaintiff is a citizen of Illinois and Defendant is a citizen of Delaware and Tennessee.

12.     Wonolo Inc. is not a state, state official, or other governmental entity, as required by 28 U.S.C. § 1332(d)(5)(A).

13.     The putative class consists of 100 or more individuals, as required by 28 U.S.C. § 1332(d)(5)(B). Plaintiff alleges in her Complaint that she accepted jobs through the App for third-party businesses with locations in Illinois. (*See* Ex. 1, Compl., ¶ 47.) She further alleges that Wonolo scanned her facial geometry through the App, and enrolled her facial geometry in its database, so that it could use it as an authentication method to track her time worked for each job she accepted. (*See id.*, ¶¶ 37, 48.) More specifically, Plaintiff asserts that she and other "workers [we]re required to use their face geometry to clock-in and clock-out on Defendant's cellphone application and on Defendant's timekeeping devices or tablets at the employer-customer location, in order to record their time worked." (*Id*. at ¶ 37.) Plaintiff further asserts that Wonolo "has been collecting workers' biometric identifiers and biometric information for years" in violation of BIPA, and that until June 2021, Wonolo failed to obtain consent under Illinois law. (*Id*. at ¶¶ 15, 95.) While Defendant denies that it captured Plaintiff's biometrics as alleged in the Complaint, and further denies that it violated BIPA, between January 1, 2020 (i.e., less than two years prior to the filing of the Complaint) and May 31, 2021 alone, more than 1,060 individuals who registered to use the App in Illinois completed at least one job posted on the App by a third-party business that has utilized Wonolo's timekeeping system and devices. (Ex. 2, Pérez Decl., ¶ 5.) The putative class therefore consists of more than 100 individuals.

4

14.     Although Plaintiff's Complaint is silent as to the total amount of damages claimed, her claims plausibly place more than $5,000,000 in controversy.  *See Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006); *Blomberg v. Service Corp. Int'l*, 639 F.3d 761, 763 (7th Cir. 2011).  While Defendant denies the validity and merit of all of Plaintiff's claims and denies her requests for relief, the factual allegations and claims in Plaintiff's Complaint place the total amount of damages at issue in this action in excess of $5,000,000, thereby exceeding this Court's jurisdictional minimum under CAFA.

15.     Plaintiff seeks $5,000 in statutory damages for each intentional and/or reckless violation of BIPA alleged in the Complaint, or in the alternative, $1,000 in statutory damages for each negligent violation of BIPA.  (*See* Ex. 1, Compl., ¶¶ 78, 88, and 97, Prayer for Relief § C.; 740 ILCS 14/20.)  Plaintiff alleges that she "has continuously and repeatedly been exposed to the risks and harmful conditions created by Defendant's multiple violations of BIPA."  (*See id.*, ¶ 54.) She asserts three BIPA causes of action on behalf of herself and each putative class member.

16.     As stated above, between January 1, 2020 and May 31, 2021 alone, more than 1,060 individuals who registered to use the App in Illinois completed at least one job posted on the App by a third-party business that has utilized Wonolo's timekeeping system and devices.  (Ex. 2, Pérez Decl., ¶ 5.)  Accordingly, even if (i) Defendant is found to have committed all three alleged violations only *once* with respect to each of the more than 1,060 putative class members, and (ii) only *twenty percent* of the alleged violations are deemed "reckless", the potential damages would total at least $5,724,000, exclusive of attorneys' fees (1,060 putative class members x 3 alleged negligent violations x  $1,000 x .80 + 1,060 putative class members x 3 alleged reckless violations x $5,000 x .20).  If even one-third of these alleged violations are deemed "reckless," the potential damages would total at least $7,345,800 (1,060 putative class members x 3 alleged

negligent violations x $1,000 x .66 + 1,060 putative class members x 3 alleged reckless violations x $5,000 x .33). These figures are conservative estimates with respect to the amount in controversy. Indeed, among other things, they do not account for any purported recurring violations for the same individual(s) under each cause of action, or a potential award of statutory attorneys' fees under BIPA. (*See* 740 ILCS 14/20.) In addition, between January 1, 2020 and May 31, 2021 alone, individuals who registered to use the App in Illinois have completed more than 13,000 jobs posted on the App by third-party businesses that have utilized Wonolo's timekeeping system and devices. (Ex. 2, Pérez Decl., ¶ 5.) Thus, if Plaintiff were to contend that each job constituted a separate potential violation under BIPA, and Wonolo is found to have negligently violated BIPA in at least one way (i.e., if Plaintiff were to prevail on only one cause of action), the potential damages would total at least $13,000,000 (13,000 jobs x 1 alleged negligent violation x $1,000). Accordingly, Plaintiff's claims plainly place more than $5,000,000 in controversy.

17. For these reasons, Defendant may remove this Action under CAFA.[1]

### *Compliance With Procedural Requirements*

18. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) and Federal Rules of Civil Procedure, Rule 6(a)(1)(C), as the 30th day since Defendant was served with the Complaint fell on Saturday, January 15, 2022, and this Notice of Removal is being filed by January 18, 2022, the first day following January 15, 2022 that is not a Saturday, Sunday, or legal holiday.

19. Attached as **Exhibit 3** is a true and correct copy of the Notice to Adverse Party of

---

[1] None of the exceptions to CAFA jurisdiction apply in this case. *See* 28 U.S.C. § 1332(d)(3) and (4). It is Plaintiff's burden to prove that an exception to CAFA jurisdiction applies. *See In re Sprint Nextel Corp.*, 593 F.3d 669, 673 (7th Cir. 2010). Each of the CAFA exceptions requires that the primary defendant, or a defendant from whom significant relief is sought, be a citizen of the forum state. 28 U.S.C. § 1332(d)(3) and (4). However, as set forth above, Defendant is not a citizen of Illinois. As such, Plaintiff cannot establish the applicability of any exception to CAFA jurisdiction in this case.

Filing of Notice of Removal, the original of which is being served upon Plaintiff, Cynthia Redd, as required by 28 U.S.C. § 1446(d), through her attorneys: (i) Ryan F. Stephan, James B. Zouras and Catherine T. Mitchell, Stephan Zouras, LLP, 100 N. Riverside Plaza, Suite 2150, Chicago, Illinois 60606; (ii) David A. Neiman and Antonio Romanucci, Romanucci & Blandon, LLC, 321 N. Clark Street, Suite 900, Chicago, Illinois 60654; and (iii) Miranda L. Soucie, Spiros Law, P.C., 2807 N. Vermilion, Suite 3, Danville, IL 61832.

20.     A true and correct copy of this Notice of Removal has been forwarded for filing in the Circuit Court of Cook County.  Attached as **Exhibit 4** is a copy of the Notice to State Court of Filing Notice of Removal, the original of which is being filed with the Clerk of the Circuit Court of Cook County, as required by 28 U.S.C. § 1446(d).

21.     Defendant Wonolo Inc. files this Notice of Removal solely for the purpose of removing the instant Action and does not waive, and specifically reserves, any and all defenses.

**WHEREFORE,** having fulfilled all statutory requirements, Defendant Wonolo Inc. hereby removes this Action from the Circuit Court of Cook County, to this Court, and requests this Court assume full jurisdiction over the matter as provided by law and permit this Action to proceed before it as a matter properly removed thereto.

Dated: January 18, 2022                    Respectfully submitted,


                                           /s/ Jennifer L. Jones
                                           Jennifer L. Jones, ARDC# 6309353

Kwabena A. Appenteng, ARDC# 6294834
Jennifer L. Jones, ARDC# 6309353
LITTLER MENDELSON, P.C.
321 North Clark Street, Suite 1100
Chicago, IL 60654
Phone: (312) 372-5520
kappenteng@littler.com
jeljones@littler.com

7

Patricia J. Martin, ARDC #6288389
LITTLER MENDELSON, P.C.
600 Washington Avenue, Suite 900
St. Louis, Missouri 63101
Phone: (314) 659-2000
pmartin@littler.com

*Attorneys for Defendant, Wonolo, Inc.*

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that on January 18, 2022, she caused a copy of the foregoing, **Notice of Removal** to be filed electronically with the Clerk of the U.S. District Court, Northern District of Illinois, Eastern Division, using the CM/ECF system, and served upon the following via email:

| | | |
|---|---|---|
| Ryan F. Stephan | David A. Neiman | Miranda L. Soucie |
| James B. Zouras | Antonio Romanucci | Spiros Law, P.C. |
| Catherine T. Mitchell | Romanucci & Blandin, LLC | 2807 N. Vermilion, |
| Stephan Zouras, LLP | 321 N. Clark Street, | Suite 3 |
| 100 N. Riverside Plaza, | Suite 900 | Danville, IL 61832 |
| Suite 2150 | Chicago, Illinois 60654 | msoucie@spiroslaw.com |
| Chicago, Illinois 60606 | dneiman@rblaw.net | |
| rstephan@stephanzouras.com | aromanucci@rblaw.net | |
| jzouras@stephanzouras.com | | |
| cmitchell@stephanzouras.com | | |

                                    /s/ Jennifer L. Jones
                                    Jennifer L. Jones

4853-4955-0602.1 / 085958-1041

# EXHIBIT 1

This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.

FILED DATE: 12/8/2021 2:14 PM 2021CH06120

| STATE OF ILLINOIS, CIRCUIT COURT | | SUMMONS | For Court Use Only |
|---|---|---|---|
| Cook COUNTY | | | |

**Instructions ▼**

Enter above the county name where the case was filed.

Enter your name as Plaintiff/Petitioner.

Enter the names of all people you are suing as Defendants/ Respondents.

Enter the Case Number given by the Circuit Clerk.

Cynthia Redd
_____
**Plaintiff / Petitioner** *(First, middle, last name)*

v.

Wonolo, Inc.
_____
**Defendant / Respondent** *(First, middle, last name)*

2021CH06120
_____
**Case Number**

In **1**, if your lawsuit is for money, enter the amount of money you seek from the Defendant/ Respondent.

In **2**, enter your contact information. If more than 1 person is bringing this lawsuit, attach an *Additional Plaintiff/Petitioner Contact Information* form.

In **3**, enter the name of the person you are suing and their address. If more than 1 person is being sued, attach an *Additional Defendant/Respondent Contact Information* form.

**1.**   **Information about the lawsuit:**

Amount claimed:   $ _____

**2.**   **Contact information for the Plaintiff/Petitioner:**

Name *(First, Middle, Last)*:   Catherine T. Mitchell

Street Address, Apt #:   100 N. Riverside Plaza, Suite 2150

City, State, ZIP:   Chicago, Illinois 60606

Telephone:   312-233-1550

See attached for additional Plaintiff/Petitioner contact information

**3.**   **Contact information for the Defendant/Respondent:**

Name *(First, Middle, Last)*:   Wonolo, Inc. - Registered Agent: Illinois Corporation Service C

Street Address, Apt #:   801 Adlai Stevenson Drive

City, State, ZIP:   Springfield, Illinois 62703

Telephone:

See attached for additional Defendant/Respondent contact information

**Important Information for the person receiving this form:**

You have been sued.

Follow the instructions on the next page on how to appear/answer.

- If you do not appear/answer the court may decide the case without hearing from you and enter a judgment against you for what the plaintiff/petitioner is asking.
- Your written appearance/answer must be filed on time and in the proper form.
- Forms for a written appearance/answer are available here: http://www.illinoiscourts.gov/forms/approved/default.asp

If you cannot afford to pay the fee for filing your appearance/answer, ask the circuit clerk for an *application for waiver of court fees.*

You should read all of the documents attached.

Enter the Case Number given by the Circuit Clerk: __2021CH06120__

<table>
<tr><td>

In 4, the Circuit Clerk will give you the court date or appearance date, check any boxes that apply, and include the address of the court building and room where the Defendant/Respondent must file their response.

</td><td>

**4.**   **Instructions for person receiving this form (Defendant/Respondent):**

To respond to this *Summons* you must:

☐   Go to court:

On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.

Address: _____ Court Room: _____

City, State, ZIP: _____

☐   File a written *Appearance* and *Answer/Response* with the court:

On or before this date: _____ at this time: _____ ☐ a.m. ☐ p.m.

Address: _____

City, State, ZIP: _____

☒   File a written *Appearance* and *Answer/Response* with the court within 30 days from the day you receive this *Summons* (listed below as the "Date of Service").

On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.

Address: _____

City, State, ZIP: _____

</td></tr>
</table>

| | |
|---|---|
| **STOP!**<br>The Circuit Clerk will fill in this section. | **Witness this Date:** _____<br><br>**Clerk of the Court:** ___12/8/2021 2:14 PM IRIS Y. MARTINEZ___     *Seal of Court* |

| | |
|---|---|
| **STOP!**<br>The officer or process server will fill in the Date of Service. | This *Summons* must be served within 30 days of its date, listed above.<br><br>Date of Service: _____<br>*(Date to be entered by an officer or process server on the copy of this Summons left with the Defendant/Respondent or other person.)* |

| | |
|---|---|
| **Plaintiff/Petitioner:** | To serve this *Summons*, you must hire the sheriff (or a private process server outside of Cook County) to deliver it and your Complaint/Petition to the Defendant/Respondent.  If the sheriff (or private process server outside of Cook County) tries but can't serve the *Summons*, fill out another summons and repeat this process. |

| | |
|---|---|
| **Attention:** | E-Filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp. or talk with your local circuit clerk's office. |

**This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.**

| STATE OF ILLINOIS, CIRCUIT COURT<br><br>_____ Cook _____ COUNTY | AFFIDAVIT OF SERVICE OF SUMMONS AND COMPLAINT/PETITION | For Court Use Only |
|---|---|---|

| **Instructions** | | |
|---|---|---|
| Enter above the county name where the case was filed. | Cynthia Redd | |
| Enter your name as Plaintiff/Petitioner. | **Plaintiff / Petitioner** *(First, middle, last name)* | |
| Enter the name of the person you are suing as Defendant/Respondent. | v. | |
| Enter the Case Number given by the Circuit Clerk. | Wonolo, Inc. | **2021CH06120** |
| | **Defendant / Respondent** *(First, middle, last name)* | **Case Number** |

FILED DATE: 12/8/2021 2:14 PM 2021CH06120

**\*\*Stop. Do not complete the form. The sheriff will fill in the form.\*\***

| DO NOT complete this section. The sheriff will complete it. | **My name is** _____ **and I swear under oath** |
|---|---|

*First, Middle, Last*

**that I served the *Summons* and Complaint/Petition on the Defendant/Respondent**

_____ **as follows:**

*First, Middle, Last*

☐ Personally on the Defendant/Respondent:
Male: ☐    Female: ☐    Approx. Age: _____    Hair Color: _____
Height: _____    Weight: _____
On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
Address: _____
City, State, ZIP: _____

☐ At the Defendant/Respondent's home:
On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
Address: _____
City, State, ZIP: _____
And left it with: _____
*First, Middle, Last*
Male: ☐    Female: ☐    Approx. Age: _____
and by sending a copy to this defendant in a postage-paid, sealed envelope to the above address on _____ , 20 _____ .

☐ On the Corporation's agent, _____
*First, Middle, Last*
On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
Address: _____
City, State, ZIP: _____

SU-S 1503.1                    Page 3 of 4                    (09/18)

Enter the Case Number given by the Circuit Clerk: __2021CH06120__

**By:**

| DO NOT complete this section. The sheriff, or private process server will complete it. |
|---|

_____
*Signature*

**FEES**

| | |
|---|---|
| By certified/registered | $ _____ |
| Service and Return | $ _____ |
| Miles: _____ | $ _____ |
| Total $ _____ | |

_____
*Print Name*

FILED DATE: 12/8/2021 2:14 PM  2021CH06120

Return Date: No return date scheduled
Hearing Date: No hearing scheduled This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.
Location: <<CourtRoomNumber>>
Judge: Calendar, 10

FILED
12/8/2021 2:14 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021CH06120
Calendar, 10
15875666

FILED DATE: 12/8/2021 2:14 PM   2021CH06120

**IMPORTANT:** The *Summons* form is currently being revised. **If you are suing more than 1 Defendant/Respondent, fill out a *Summons* form for each Defendant/Respondent.** Ignore the directions on the *Summons* to fill out an *Additional Plaintiff/Petitioner Contact Information* form or *Additional Defendant/Respondent Contact Information* form.

Please check back on this site when the new *Summons* is available.

SU-S 1503.1

(09/18)

Return Date: No return date scheduled
Hearing Date: 4/7/2022 11:00 AM
Location: Court Room 2302
Judge: Moreland, Caroline Kate

FILED
12/8/2021 1:22 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021CH06120
Calendar, 10
15873966

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION**

| | |
|---|---|
| **CYNTHIA REDD, individually, and** | ) |
| **on behalf of all others similarly situated,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **WONOLO, INC.,** | ) |
| | ) |
| **Defendant.** | ) |

Case No. **2021CH06120**

## CLASS ACTION COMPLAINT

Plaintiff Cynthia Redd ("Plaintiff"), individually and on behalf of all others similarly situated (the "Class"), by and through her attorneys, brings the following Class Action Complaint ("Complaint") pursuant to the Illinois Code of Civil Procedure, 735 ILfCS §§ 5/2-801 and 2-802, against Defendant Wonolo, Inc. ("Wonolo" or "Defendant"), its subsidiaries and affiliates, to redress and curtail Defendant's unlawful collection, use, storage, and disclosure of Plaintiff's sensitive and proprietary biometric data. Plaintiff alleges as follows upon personal knowledge as to herself, her own acts and experiences and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

### NATURE OF THE ACTION

1.      Defendant Wonolo, Inc. is a Delaware corporation that provides an on-demand web-based staffing platform for employer-customers to hire, track and manage front-line workers including, but not limited to, retail workers, delivery people, administrative clerks, general laborers, event staffers, and more.

2.      To use Wonolo, a worker must download the Wonolo application on his or her cell phone, and, amongst other things create a worker profile.  As part of this process the worker must

1

take a photo of his or her own face, download it to the Wonolo application and have his or her facial geometry scanned by Wonolo and enrolled in its database. This information is subsequently used by Wonolo and the employer-customer to monitor the individual's hours worked.

3. When a worker accepts a job or shift at certain Wonolo's customer locations in Illinois, the worker, upon arrival at the customer site, is required to clock in and out using a numeric code and subsequent scan of his or her facial geometry on a Wonolo device or tablet at its customer location.

4. While many companies use conventional methods for tracking time worked (such as ID badges or punch clocks), Defendant's workers are required to have their facial geometry scanned by Wonolo's biometric timekeeping cellphone applications, devices and/or tablets.

5. Biometrics are not relegated to esoteric corners of commerce. Many businesses – such as Defendant's – and financial institutions have incorporated biometric applications into their workplace in the form of biometric timeclocks or authenticators, and into consumer products, including such ubiquitous consumer products as checking accounts and cell phones.

6. Unlike ID badges or timecards – which can be changed or replaced if stolen or compromised – facial geometry scans are unique, permanent biometric identifiers associated with each worker. This exposes Defendant's workers to serious and irreversible privacy risks. For example, if a database containing facial geometry scans or other sensitive, proprietary biometric data is hacked, breached, or otherwise exposed – like in the recent Equifax, Facebook/Cambridge Analytica, and Suprema data breaches– employees have **_no_** means by which to prevent identity theft, unauthorized tracking or other unlawful or improper use of this highly personal and private information.

FILED DATE: 12/8/2021 1:22 PM    2021CH06120

7.     In 2015, a data breach at the United States Office of Personnel Management exposed the personal identification information, including biometric data, of over 21.5 million federal employees, contractors, and job applicants. U.S. Off. of Personnel Mgmt., *Cybersecurity Incidents* (2018), *available at* www.opm.gov/cybersecurity/cybersecurity-incidents.

8.     An illegal market already exists for biometric data. Hackers and identity thieves have targeted Aadhaar, the largest biometric database in the world, which contains the personal and biometric data – including fingerprints, iris scans, and facial photographs – of over a billion Indian citizens. *See* Vidhi Doshi, *A Security Breach in India Has Left a Billion People at Risk of Identity Theft*, The Washington Post (Jan. 4, 2018), *available at* https://www.washingtonpost.com/news/worldviews/wp/2018/01/04/a-security-breach-in-india-has-left-a-billion-people-at-risk-of-identity-theft/?utm_term=.b3c70259f138.

9.     In January 2018, an Indian newspaper reported that the information housed in Aadhaar was available for purchase for less than $8 and in as little as 10 minutes. Rachna Khaira, *Rs 500, 10 Minutes, and You Have Access to Billion Aadhaar Details*, The Tribune (Jan. 4, 2018), *available at* http://www.tribuneindia.com/news/nation/rs-500-10-minutes-and-you-have-access-to-billion-aadhaar-details/523361.html.

10.     In August 2019 it was widely reported that Suprema, a security company responsible for a web-based biometrics lock system that uses fingerprints and facial geometry scans in 1.5 million locations around the world, maintained biometric data and other personal information on a publicly accessible, unencrypted database. Major Breach Found in Biometrics System Used by Banks, UK police and Defence Firms, The Guardian (Aug. 14, 2019), available at https://www.theguardian.com/technology/2019/aug/14/major-breach-found-in-biometrics-system-used-by-banks-uk-police-and-defence-firms.

3

FILED DATE: 12/8/2021 1:22 PM 2021CH06120

11.     In the United States, law enforcement, including the Federal Bureau of Investigation and Immigration and Customs Enforcement, have attempted to turn states' Department of Motor Vehicles databases into biometric data goldmines, using facial recognition technology to scan the faces of thousands of citizens, all without their notice or consent. Drew Harwell, *FBI, ICE Find State Driver's License Photos Are a Gold Mine for Facial-Recognition Searches*, The Washington Post (July 7, 2019), *available at* https://www.washingtonpost.com/ technology/2019/07/07/fbi-ice-find-state-drivers-license-photos-are-gold-mine-facial-recognition-searches/?noredirect=on&utm_term=.da9afb2472a9.

12.     This practice has been criticized by lawmakers. Some states, including Illinois, have refused to comply with law enforcement's invasive requests. *State Denying Facial Recognition Requests*, Jacksonville Journal-Courier (July 9, 2019), *available at* https://www.myjournalcourier.com/news/article/State-denying-facial-recognition-requests-14081967.php.

13.     Recognizing the need to protect its citizens from situations like these, Illinois enacted the Biometric Information Privacy Act ("BIPA"), 740 ILCS § 14/1, *et seq.*, specifically to regulate companies that collect, store and use Illinois citizens' biometrics, such as facial geometry scans.

14.     Notwithstanding the clear and unequivocal requirements of the law, Defendant disregarded Plaintiff's and other similarly-situated workers' statutorily protected privacy rights and unlawfully collected, stored, disseminated, and used Plaintiff's and other similarly-situated workers biometric data in violation of BIPA. Specifically, Defendant violated BIPA because it did not:

FILED DATE: 12/8/2021 1:22 PM   2021CH06120

a.      Properly inform Plaintiff and others similarly situated in writing of the specific purpose and length of time for which their facial geometry scans were being collected, stored, and used, as required by BIPA;

b.      Develop and adhere to a publicly available retention schedule and guidelines for permanently destroying Plaintiff's and other similarly-situated workers' facial geometry scans, as required by BIPA;

c.      Obtain a written release from Plaintiff and others similarly situated to collect, store, disseminate, or otherwise use their facial geometry scans, as required by BIPA; and

d.      Obtain consent from Plaintiff and others similarly situated to disclose, redisclose, or otherwise disseminate their facial geometry scans to third parties as required by BIPA.

15.     Although Wonolo has been collecting workers' biometric identifiers and biometric information for years, it failed to comply with BIPA.

16.     Accordingly, Plaintiff, on behalf of herself as well as the putative Class, seeks an Order: (1) declaring that Defendant's conduct violated BIPA; (2) requiring Defendant to cease the unlawful activities discussed herein; and (3) awarding statutory damages to Plaintiff and the proposed Class.

## PARTIES

17.     Plaintiff Cynthia Redd is a natural person and a resident of the State of Illinois.

18.     Defendant Wonolo, Inc. is a Delaware corporation that is registered with the Illinois Secretary of State and conducts business in the State of Illinois, including Cook County.

## JURISDICTION AND VENUE

19.     This Court has jurisdiction over Defendant pursuant to 735 ILCS § 5/2-209 because Defendant committed the statutory violations alleged herein in Cook County, Illinois.

FILED DATE: 12/8/2021 1:22 PM 2021CH06120

20.     Venue is proper in Cook County because Defendant conducts business in this State, conducts business transactions in Cook County, and committed the statutory violations alleged herein in Cook County, Illinois.

## FACTUAL BACKGROUND

### I.    The Biometric Information Privacy Act.

21.     In the early 2000s, major national corporations started using Chicago and other locations in Illinois to test "new applications of biometric-facilitated financial transactions, including finger-scan technologies at grocery stores, gas stations, and school cafeterias." 740 ILCS § 14/5(c). Given its relative infancy, an overwhelming portion of the public became weary of this then-growing yet unregulated technology. *See* 740 ILCS § 14/5.

22.     In late 2007, a biometrics company called Pay by Touch, which provided major retailers throughout the State of Illinois with fingerprint scanners to facilitate consumer transactions, filed for bankruptcy. That bankruptcy was alarming to the Illinois Legislature because suddenly there was a serious risk that millions of fingerprint records – which, like other unique biometric identifiers, can be linked to people's sensitive financial and personal data – could now be sold, distributed, or otherwise shared through the bankruptcy proceedings without adequate protections for Illinois citizens. The bankruptcy also highlighted the fact that most consumers who used the company's fingerprint scanners were completely unaware that the scanners were not actually transmitting fingerprint data to the retailer who deployed the scanner, but rather to the now-bankrupt company, and that their unique biometric identifiers could now be sold to unknown third parties.

FILED DATE: 12/8/2021 1:22 PM    2021CH06120

23.     Recognizing the "very serious need [for] protections for the citizens of Illinois when it [came to their] biometric information," Illinois enacted BIPA in 2008. *See* Illinois House Transcript, 2008 Reg. Sess. No. 276; 740 ILCS § 14/5.

24.     Additionally, to ensure compliance, BIPA provides that, for each violation, the prevailing party may recover $1,000 or actual damages, whichever is greater, for negligent violations and $5,000, or actual damages, whichever is greater, for intentional or reckless violations. 740 ILCS § 14/20.

25.     BIPA is an informed consent statute which achieves its goal by making it unlawful for a company to, among other things, collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it first:

  a. Informs the subject in writing that a biometric identifier or biometric information is being collected, stored and used;

  b. Informs the subject in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and

  c. Receives a written release executed by the subject of the biometric identifier or biometric information.

*See* 740 ILCS § 14/15(b).

26.     BIPA specifically applies to employees who work in the State of Illinois. BIPA defines a "written release" specifically "in the context of employment [as] a release executed by an employee as a condition of employment." 740 ILCS § 14/10.

27.     Biometric identifiers include retina and iris scans, voiceprints, scans of hand and fingerprints, and – most importantly here – face geometry. *See* 740 ILCS § 14/10. Biometric

7

FILED DATE: 12/8/2021 1:22 PM    2021CH06120

information is separately defined to include any information based on an individual's biometric identifier that is used to identify an individual. *Id.*

28.    BIPA establishes standards for how companies must handle Illinois citizens' biometric identifiers and biometric information. *See, e.g.,* 740 ILCS § 14/15(c)-(d). For example, BIPA prohibits private entities from disclosing a person's or customer's biometric identifier or biometric information without first obtaining consent for such disclosure. *See* 740 ILCS § 14/15(d)(1).

29.    BIPA also prohibits selling, leasing, trading, or otherwise profiting from a person's biometric identifiers or biometric information (740 ILCS § 14/15(c)) and requires companies to develop and comply with a written policy – made available to the public – establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting such identifiers or information has been satisfied or within three years of the individual's last interaction with the company, whichever occurs first. 740 ILCS § 14/15(a).

30.    The Illinois legislature enacted BIPA due to the increasing use of biometric data in financial and security settings, the general public's hesitation to use biometric information, and – most significantly – the unknown ramifications of biometric technology. Biometrics are biologically unique to the individual and, once compromised, an individual is at a heightened risk for identity theft and left without any recourse.

31.    BIPA provides individuals with a private right of action, protecting their right to privacy regarding their biometrics as well as protecting their rights to know the precise nature for which their biometrics are used and how they are being stored and ultimately destroyed. Unlike other statutes that only create a right of action if there is a qualifying data breach, BIPA strictly

FILED DATE: 12/8/2021 1:22 PM 2021CH06120

regulates the manner in which entities may collect, store, use, and disseminate biometrics and creates a private right of action for lack of statutory compliance.

32. Plaintiff, like the Illinois legislature, recognizes how imperative it is to keep biometric identifiers and information secure. Biometric data, unlike other personal identifiers such as a social security number, cannot be changed or replaced if hacked or stolen.

**II. Defendant Violated the Biometric Information Privacy Act.**

33. By the time BIPA passed through the Illinois legislature in mid-2008, most companies who had experimented with using individuals' biometric data stopped doing so.

34. Defendant failed to take note of the shift in Illinois law governing the collection, use, storage, and dissemination of biometric data. As a result, Defendant collected, stored, used, and disseminated workers' biometric data in violation of BIPA.

35. Specifically, when workers were hired and staffed to work at certain of Defendant's employer-customer locations in Illinois, Defendant required them to have their face geometry scanned and uploaded through its cellphone application to enroll them in Wonolo's worker database. Wonolo's cellphone application is networked through Wonolo's vendor, Amazon Web Services, Inc. ("AWS").

36. When a worker accepts an available job and/or shift listed in the Wonolo cellphone application, s/he receives a numeric code and is directed to find a Wonolo timekeeping device or tablet at the employer-customer location in order to clock in and out for the particular job.

37. When the worker arrives at Defendant's employer-customer location to begin working, he or she is required to clock in on Wonolo's timekeeping device or tablet by entering the numeric code, and then using a scan of his or her facial geometry. The same process is required on Wonolo's timekeeping device or tablet to clock out at the employer-customer location at the

9

end of the worker's shift. Wonolo uses a time tracking system that requires workers to use face geometry as a means of authentication. In accordance with Defendant's policy, workers are required to use their face geometry to clock-in and clock-out on Defendant's cellphone application and on Defendant's timekeeping devices or tablets at the employer-customer location, in order to record their time worked.

38.     Defendant failed to inform Plaintiff and other workers that it disclosed their face geometry data to Defendant's vendor, Amazon Web Services, Inc., Defendant's customers and likely others, such as a payroll vendor; failed to inform their workers that it disclosed their facial geometry data to other, currently unknown, third parties, which host the biometric data in their data centers; failed to inform their workers of the purposes and duration for which it collected their sensitive biometric data; and, failed to obtain written releases from workers before collecting their facial geometry scans.

39.     Defendant failed to develop or adhere to a written, publicly-available policy identifying their retention schedule and guidelines for permanently destroying workers' biometric data when the initial purpose for collecting or obtaining their biometrics is no longer relevant, as required by BIPA.

40.     The Pay by Touch bankruptcy that catalyzed the passage of BIPA, as well as the recent data breaches, highlights why such conduct – where individuals are aware that they are providing a fingerprint, but not aware of to whom or for what purposes they are doing so – is dangerous. That bankruptcy spurred Illinois citizens and legislators into realizing that it is crucial for individuals to understand when providing biometric identifiers, such as facial geometry scans, who exactly is collecting their biometric data, where it will be transmitted, for what purposes, and for how long. Defendant disregarded these obligations and its workers' statutory rights and instead

unlawfully collected, stored, used and disseminated its workers' biometric identifiers and information, without first receiving the individual's informed written consent required by BIPA.

41.     Defendant lacked retention schedules and guidelines for permanently destroying Plaintiff's and other similarly-situated individuals' biometric data. Plaintiff is unaware as to whether Defendant has destroyed her biometric data, or the biometric data of others similarly-situated who have not given consent for Defendant's biometric data collection, use, storage and dissemination.

42.     Defendant did not tell Plaintiff and others similarly situated what might happen to their biometric data if and when Defendant merges with another company, or worse, if and when Defendant's business folds, or when the other third parties that have received workers' biometric data businesses fold.

43.     Since Defendant neither published a BIPA-mandated data retention policy nor disclosed the purposes for their collection and use of biometric data, Plaintiff had no idea at the time of collection whether Defendant sold, disclosed, redisclosed, or otherwise disseminated her biometric data. Moreover, Plaintiff and others similarly situated were not told at the time of collection to whom Defendant disclosed their biometric data, or what might happen to their biometric data in the event of a merger or a bankruptcy.

44.     Defendant disclosed, or otherwise disseminated Plaintiff's and putative class members' biometric data to several third-parties: Amazon Web Services, Inc., Defendant's customers, and Defendant's payroll vendor – and likely others.

45.     These violations raised a material risk that Plaintiff's and other similarly-situated individuals' biometric data could be unlawfully accessed by other third parties.

11

FILED DATE: 12/8/2021 1:22 PM   2021CH06120

46.     By and through the actions detailed above, Defendant disregarded Plaintiff's and other similarly-situated individuals' legal rights in violation of BIPA.

**III.     Plaintiff Cynthia Redd's Experience**

47.     Plaintiff Cynthia Redd was staffed by Wonolo since approximately May of 2020, and accepted jobs through Wonolo's cellphone application for several of Defendant's employer-customer locations in Illinois, including Continental Web Press and Freedom Graphics.

48.     Defendant scanned Plaintiff's facial geometry through its cellphone application and enrolled it in Wonolo's worker database so that Defendant could use it as an authentication method to track her time worked.

49.     Defendant stored Plaintiff's facial geometry data in its database(s).

50.     Each time Plaintiff accepted a job or shift through Wonolo's cellphone application at Continental Web Press and/or Freedom Graphics in Illinois, she was required to enter a numeric code and provide a scan of her facial geometry on a Wonolo timekeeping device or tablet at the customer location, in order to clock in and out for work.

51.     Defendant failed to: inform Plaintiff in writing or otherwise of the purpose(s) and length of time for which her facial geometry was being collected; obtain a written release from Plaintiff to collect, store, or use her facial geometry data; obtain Plaintiff's consent before disclosing or disseminating her biometric data to third parties; and until recently, Defendant did not develop or adhere to a publicly available retention schedule and guidelines for permanently destroying facial geometry data.

52.     Plaintiff was not informed of the specific limited purposes or length of time for which Defendant collected, stored, used and disseminated her biometric data.

FILED DATE: 12/8/2021 1:22 PM   2021CH06120

53.     Plaintiff has never been provided with nor ever signed a written release allowing Defendant to collect, store, use, or disseminate her biometric data.

54.     Plaintiff has continuously and repeatedly been exposed to the risks and harmful conditions created by Defendant's multiple violations of BIPA alleged herein.

55.     No amount of time or money can compensate Plaintiff if her biometric data has been compromised by the lax procedures through which Defendant captures, stores, uses, and disseminates her and other similarly-situated individuals' biometrics. Moreover, Plaintiff would not have provided her biometric data to Defendant if she had known that Defendant would retain such information without her consent.

56.     A showing of actual damages is not necessary in order to state a claim under BIPA. *See Rosenbach v. Six Flags Ent. Corp.*, 2019 IL 123186, ¶ 40 ("[A]n individual need not allege some actual injury or adverse effect, beyond violation of his or her rights under the Act, in order to qualify as an "aggrieved" person and be entitled to seek liquidated damages and injunctive relief pursuant to the Act").

57.     As Plaintiff is not required to allege or prove actual damages in order to state a claim under BIPA, she seeks statutory damages under BIPA as compensation for the injuries caused by Defendant. *Rosenbach*, 2019 IL 123186, ¶ 40.

## CLASS ALLEGATIONS

58.     Pursuant to the Illinois Code of Civil Procedure, 735 ILCS § 5/2-801, Plaintiff brings claims on her own behalf and as a representative of all other similarly-situated individuals pursuant to BIPA, 740 ILCS § 14/1, *et seq.*, to recover statutory penalties, prejudgment interest, attorneys' fees and costs, and other damages owed.

59.     As discussed *supra*, Section 14/15(b) of BIPA prohibits a company from, among

FILED DATE: 12/8/2021 1:22 PM 2021CH06120

other things, collecting, capturing, purchasing, receiving through trade, or otherwise obtaining a person's or a customer's biometric identifiers or biometric information, unless it *first* (1) informs the individual in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the individual in writing of the specific purpose(s) and length of time for which a biometric identifier or biometric information is being collected, stored, and used; *and* (3) receives a written release executed by the subject of the biometric identifier or biometric information. 740 ILCS § 14/15.

60. Plaintiff seeks class certification under the Illinois Code of Civil Procedure, 735 ILCS § 5/2-801, for the following class of similarly-situated individuals under BIPA:

> All individuals working for or staffed by Defendant in the State of Illinois who had their facial geometry collected, captured, received, or otherwise obtained, maintained, stored, or disclosed by Defendant without proper written consent during the applicable statutory period.

61. This action is properly maintained as a class action under 735 ILCS § 5/2-801 because:

A. The class is so numerous that joinder of all members is impracticable;

B. There are questions of law or fact that are common to the class;

C. Plaintiff's claims are typical of the claims of the class; and,

D. Plaintiff will fairly and adequately protect the interests of the class.

**Numerosity**

62. The total number of putative class members exceeds fifty (50) individuals. The exact number of class members can easily be determined from Defendant's timekeeping records.

**Commonality**

63. There is a well-defined commonality of interest in the substantial questions of law and fact concerning and affecting the Class in that Plaintiff and all members of the Class have been

14

FILED DATE: 12/8/2021 1:22 PM   2021CH06120

harmed by Defendant's failure to comply with BIPA. The common questions of law and fact include, but are not limited to the following:

A.   Whether Defendant collected, captured, maintained, stored or otherwise obtained Plaintiff's and the Class's biometric identifiers or biometric information;

B.   Whether Defendant properly informed Plaintiff and the Class of their purposes for collecting, using, storing and disseminating their biometric identifiers or biometric information;

C.   Whether Defendant properly obtained a written release (as defined in 740 ILCS § 14/10) to collect, use, store and disseminate Plaintiff's and the Class's biometric identifiers or biometric information;

D.   Whether Defendant has disclosed or redisclosed Plaintiff's and the Class's biometric identifiers or biometric information;

E.   Whether Defendant developed a BIPA-compliant written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within three years of their last interaction with the individual, whichever occurs first;

F.   Whether Defendant complied with any such BIPA-compliant written policy (if one exists);

G.   Whether Defendant's violations of BIPA have raised a material risk that Plaintiff's and the putative Class' biometric data will be unlawfully accessed by third parties;

H.   Whether Defendant used Plaintiff's and the Class's facial geometry to identify them;

I.   Whether the violations of BIPA were committed negligently; and

J.   Whether the violations of BIPA were committed intentionally or recklessly.

64.   Plaintiff anticipates that Defendant will raise defenses that are common to the class.

## Adequacy

65.   Plaintiff will fairly and adequately protect the interests of all members of the class,

15

FILED DATE: 12/8/2021 1:22 PM   2021CH06120

and there are no known conflicts of interest between Plaintiff and class members. Plaintiff, moreover, has retained experienced counsel who are competent in the prosecution of complex litigation and who have extensive experience acting as class counsel.

<u>**Typicality**</u>

66.     The claims asserted by Plaintiff are typical of the class members she seeks to represent. Plaintiff has the same interests and suffers from the same unlawful practices as the class members.

67.     Upon information and belief, there are no other class members who have an interest individually controlling the prosecution of his or her individual claims, especially in light of the relatively small value of each claim and the difficulties involved in bringing individual litigation against one's employer. However, if any such class member should become known, he or she can "opt out" of this action pursuant to 735 ILCS § 5/2-801.

<u>**Predominance and Superiority**</u>

68.     The common questions identified above predominate over any individual issues, which will relate solely to the quantum of relief due to individual class members. A class action is superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impracticable. Class action treatment will allow a large number of similarly-situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of effort and expense if these claims were brought individually. Moreover, as the damages suffered by each class member are relatively small in the sense pertinent to class action analysis, the expenses and burden of individual litigation would make it difficult for individual class members to vindicate their claims.

FILED DATE: 12/8/2021 1:22 PM 2021CH06120

69.     Additionally, important public interests will be served by addressing the matter as a class action. The cost to the court system and the public for the adjudication of individual litigation and claims would be substantially more than if claims are treated as a class action. Prosecution of separate actions by individual class members would create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant and/or substantially impair or impede the ability of class members to protect their interests. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can and is empowered to fashion methods to efficiently manage this action as a class action.

## FIRST CAUSE OF ACTION

**Violation of 740 ILCS § 14/15(a): Failure to Institute, Maintain and Adhere to Publicly-Available Retention Schedule**

70.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

71.     BIPA mandates that companies in possession of biometric data establish and maintain a satisfactory biometric data retention – and, importantly, deletion – policy. Specifically, those companies must: (i) make publicly available a written policy establishing a retention schedule and guidelines for permanent deletion of biometric data (at most three years after the company's last interaction with the individual); and (ii) actually adhere to that retention schedule and actually delete the biometric information. *See* 740 ILCS § 14/15(a).

72.     Defendant failed to comply with these BIPA mandates.

73.     Defendant is a Delaware corporation and therefore, qualifies as a "private entity" under BIPA. *See* 740 ILCS § 14/10.

74.     Plaintiff and the Class are individuals who have had their "biometric identifiers" collected by Defendant (in the form of their facial geometry), as explained in detail in Sections II and III, *supra. See* 740 ILCS § 14/10.

17

FILED DATE: 12/8/2021 1:22 PM    2021CH06120

75.     Plaintiff's and the Class's biometric identifiers were used to identify them and, therefore, constitute "biometric information" as defined by BIPA. *See* 740 ILCS § 14/10.

76.     Defendant failed to develop and adhere to a publicly available retention schedule or guidelines for permanently destroying biometric identifiers and biometric information as specified by BIPA. *See* 740 ILCS § 14/15(a).

77.     Defendant lacked retention schedules and guidelines for permanently destroying Plaintiff's and the Class's biometric data.

78.     On behalf of herself and the Class, Plaintiff seeks: (1) declaratory relief; (2) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with BIPA's requirements for the collection, storage, and use of biometric identifiers and biometric information as described herein; (3) statutory damages of $5,000 for each intentional and/or reckless violation of BIPA pursuant to 740 ILCS § 14/20(2) or, in the alternative, statutory damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS § 14/20(1); and (4) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS § 14/20(3).

## SECOND CAUSE OF ACTION
### Violation of 740 ILCS § 14/15(b): Failure to Obtain Informed Written Consent and Release Before Obtaining Biometric Identifiers or Information

79.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

80.     BIPA requires companies to obtain informed written consent from individuals **before** acquiring their biometric data. Specifically, BIPA makes it unlawful for any private entity to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information unless [the entity] *first*: (1) informs the subject...in writing that a biometric identifier or biometric information is being collected or stored; (2) informs

FILED DATE: 12/8/2021 1:22 PM   2021CH06120

the subject…in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; *and* (3) receives a written release executed by the subject of the biometric identifier or biometric information…" 740 ILCS § 14/15(b) (emphasis added).

81.     Defendant fails to comply with these BIPA mandates.

82.     Defendant is a Delaware corporation and, therefore, qualifies as a "private entity" under BIPA. *See* 740 ILCS § 14/10.

83.     Plaintiff and the Class are individuals who have had their "biometric identifiers" collected by Defendant (in the form of their facial geometry), as explained in detail in Sections II and III, *supra*. *See* 740 ILCS § 14/10.

84.     Plaintiff's and the Class's biometric identifiers were used to identify them and, therefore, constitute "biometric information" as defined by BIPA. *See* 740 ILCS § 14/10.

85.     Defendant systematically and automatically collected, captured, or otherwise obtained Plaintiff's and the Class's biometric identifiers and/or biometric information without **first** obtaining the written release required by 740 ILCS § 14/15(b)(3).

86.     Defendant did not inform Plaintiff and the Class in writing that their biometric identifiers and/or biometric information were being collected, captured, or otherwise obtained, nor did Defendant inform Plaintiff and the Class in writing of the specific purpose(s) and length of term for which their biometric identifiers and/or biometric information were being collected, captured, or otherwise obtained, as required by 740 ILCS § 14/15(b)(1)-(2).

87.     By collecting, capturing, and otherwise obtaining Plaintiff's and the Class's biometric identifiers and biometric information as described herein, Defendant violated Plaintiff's

FILED DATE: 12/8/2021 1:22 PM 2021CH06120

and the Class's rights to privacy in their biometric identifiers or biometric information as set forth in BIPA. *See* 740 ILCS § 14/1, *et seq.*

88.     On behalf of herself and the Class, Plaintiff seeks: (1) declaratory relief; (2) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with BIPA's requirements for the collection, storage, and use of biometric identifiers and biometric information as described herein; (3) statutory damages of $5,000 for <u>each</u> intentional and/or reckless violation of BIPA pursuant to 740 ILCS § 14/20(2) or, in the alternative, statutory damages of $1,000 for <u>each</u> negligent violation of BIPA pursuant to 740 ILCS § 14/20(1); and (4) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS § 14/20(3).

**THIRD CAUSE OF ACTION**
**Violation of 740 ILCS § 14/15(d): Disclosure of Biometric Identifiers and Information Before Obtaining Consent**

89.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

90.     BIPA prohibits private entities from disclosing a person's or customer's biometric identifier or biometric information without obtaining consent for that disclosure. *See* 740 ILCS § 14/15(d)(1).

91.     Defendant fails to comply with this BIPA mandate.

92.     Defendant is a Delaware corporation and, therefore, qualifies as a "private entity" under BIPA. *See* 740 ILCS § 14/10.

93.     Plaintiff and the Class are individuals who have had their "biometric identifiers" collected by Defendant (in the form of their facial geometry), as explained in detail in Sections II and III, *supra. See* 740 ILCS § 14/10.

FILED DATE: 12/8/2021 1:22 PM   2021CH06120

94. Plaintiff's and the Class's biometric identifiers were used to identify them and, therefore, constitute "biometric information" as defined by BIPA. *See* 740 ILCS § 14/10.

95. Until approximately June of 2021, Defendant systematically and automatically disclosed, redisclosed, or otherwise disseminated Plaintiff's and the Class's biometric identifiers and/or biometric information without obtaining the consent required by 740 ILCS § 14/15(d)(1).

96. By disclosing, redisclosing, or otherwise disseminating Plaintiff's and the Class's biometric identifiers and biometric information as described herein, Defendant violated Plaintiff's and the Class's rights to privacy in their biometric identifiers or biometric information as set forth in BIPA. *See* 740 ILCS § 14/1, *et seq.*

97. On behalf of herself and the Class, Plaintiff seeks: (1) declaratory relief; (2) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with BIPA's requirements for the collection, storage, use and dissemination of biometric identifiers and biometric information as described herein; (3) statutory damages of $5,000 for <u>each</u> intentional and/or reckless violation of BIPA pursuant to 740 ILCS § 14/20(2) or, in the alternative, statutory damages of $1,000 for <u>each</u> negligent violation of BIPA pursuant to 740 ILCS § 14/20(1); and (4) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS § 14/20(3).

### PRAYER FOR RELIEF

Wherefore, Plaintiff Cynthia Redd respectfully requests that this Court enter an Order:

A. Certifying this case as a class action on behalf of the Class defined above, appointing Plaintiff Cynthia Redd as Class Representative, and appointing Stephan Zouras, LLP and Romanucci & Blandin, LLC as Class Counsel;

B. Declaring that Defendant's actions, as set forth above, violate BIPA;

C. Awarding statutory damages of $5,000 for *each* intentional and/or reckless violation of BIPA pursuant to 740 ILCS § 14/20(2) or, in the alternative, statutory

21

FILED DATE: 12/8/2021 1:22 PM   2021CH06120

damages of $1,000 for *each* negligent violation of BIPA pursuant to 740 ILCS § 14/20(1);

D.     Declaring that Defendant's actions, as set forth above, were intentional and/or reckless;

E.     Awarding injunctive and other equitable relief as is necessary to protect the interests of Plaintiff and the Class;

F.     Awarding Plaintiff and the Class their reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS § 14/20(3);

G.     Awarding Plaintiff and the Class pre- and post-judgment interest, to the extent allowable; and,

H.     Awarding such other and further relief as equity and justice may require.


Date:    December 8, 2021         Respectfully Submitted,

*/s/ Catherine T. Mitchell*
Ryan F. Stephan
James B. Zouras
Catherine T. Mitchell
**STEPHAN ZOURAS, LLP**
100 N. Riverside Plaza,
Suite 2150
Chicago, Illinois 60606
312.233.1550
312.233.1560 *f*
rstephan@stephanzouras.com
jzouras@stephanzouras.com
cmitchell@stephanzouras.com
Firm ID No. 43724

David A. Neiman
Antonio Romanucci
**ROMANUCCI & BLANDIN, LLC**
321 N. Clark Street, Suite 900
Chicago, Illinois 60654
312.458.1000
312.458.1004 *f*
dneiman@rblaw.net
aromanucci@rblaw.net

Miranda L. Soucie, No. 6304049

22

msoucie@spiroslaw.com
**Spiros Law, P.C.**
2807 N. Vermilion, Suite 3
Danville, IL 61832
Telephone: 217.443.4343

ATTORNEYS FOR PLAINTIFF
AND THE PUTATIVE CLASS

FILED DATE: 12/8/2021 1:22 PM  2021CH06120

23

## **CERTIFICATE OF SERVICE**

I, the attorney, hereby certify that on December 8, 2021, I filed the attached with the Clerk of the Court using the Court's electronic filing system, which will send such filing to all attorneys of record.

*/s/ Catherine T. Mitchell*

FILED DATE: 12/8/2021 1:22 PM   2021CH06120

24

# EXHIBIT 2

## DECLARATION OF AURELIO J. PÉREZ

I, AURELIO J. PÉREZ, declare as follows:

1.      Except as otherwise stated below, I have knowledge of all of the facts stated in this Declaration through my personal knowledge and/or by virtue of my access to Wonolo Inc.'s ("Wonolo") business records, to which I have access in the normal course of my day-to-day role as Wonolo's "VP of Legal." If called as a witness, I could and would competently testify to all of the statements below.

2.      I have been employed by Wonolo, and have overseen its legal department, since January 2019. In my role, I am familiar with Wonolo's business operations and legal matters, and I have access to Wonolo's business records, including records reflecting Wonoloers' (defined below) and third-party businesses' use of Wonolo's technology platform.

3.      By way of background, Wonolo, which stands for "Work Now Locally," is a company that has created a job marketplace software application (the "App") through which workers (or "Wonoloers") can find local short-term jobs posted by third party businesses. Wonolo's records reflect that Plaintiff Cynthia Redd provided Wonolo with an Illinois address in connection with her use of the App to find jobs posted by third-party businesses in Illinois as a Wonoloer.

4.      Wonolo Inc. is incorporated under the laws of the State of Delaware. Wonolo maintains its principal place of business in Nashville, Tennessee, where, among other things, Wonolo maintains its corporate headquarters. Wonolo is not a state, state official, or other governmental entity.

5.      Between January 1, 2020 (i.e., less than two years prior to the filing of the Complaint in this matter) and May 31, 2021, more than 1,060 individuals who registered to use the App in Illinois completed at least one job posted on the App by a third-party business that has utilized Wonolo's timekeeping system and devices. In addition, between January 1, 2020 and May 31, 2021, individuals who registered to use the App in Illinois have completed more than 13,000 jobs posted on the App by third-party businesses that have utilized Wonolo's timekeeping system

1

and devices.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on January 18, 2022 at Nashville, Tennessee.

_____

AURELIO J. PÉREZ

# EXHIBIT 3

**IN THE CIRCUIT COURT OF COOK COUNTY**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

|  |  |
|---|---|
| **CYNTHIA REDD,** | |
| Plaintiff, | |
| v. | No. 2021-CH-06120 |
| **WONOLO INC.,** | (Removed to the United States District Court for the Northern District of Illinois (Eastern Division), Case No. 1:22-cv-292) |
| Defendant. | |

**<u>DEFENDANT'S NOTICE TO ADVERSE PARTIES</u>**
**<u>OF FILING OF NOTICE OF REMOVAL</u>**

**TO:**
| | | |
|---|---|---|
| Ryan F. Stephan | David A. Neiman | Miranda L. Soucie |
| James B. Zouras | Antonio Romanucci | Spiros Law, P.C. |
| Catherine T. Mitchell | Romanucci & Blandin, LLC | 2807 N. Vermilion, |
| Stephan Zouras, LLP | 321 N. Clark Street, | Suite 3 |
| 100 N. Riverside Plaza, | Suite 900 | Danville, IL 61832 |
| Suite 2150 | Chicago, Illinois 60654 | |
| Chicago, Illinois 60606 | | |

PLEASE TAKE NOTICE that on January 18, 2022, Defendant, Wonolo Inc., by and through its attorneys, Littler Mendelson, P.C., filed its Notice of Removal with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, of this action now pending in the Circuit Court of Cook County, Case No. 2020 CH 03703. A copy of that Complaint was filed with the Notice of Removal. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of the Notice of Removal is attached to this Notice and hereby served upon you.

Dated: January 18, 2022                Respectfully submitted,

*/s/ Jennifer L. Jones*
Jennifer L. Jones, ARDC# 6309353

Kwabena A. Appenteng, ARDC# 6294834
Jennifer L. Jones, ARDC# 6309353
LITTLER MENDELSON, P.C.
321 North Clark Street, Suite 1100
Chicago, IL 60654
Phone: (312) 372-5520
kappenteng@littler.com
jeljones@littler.com

Patricia J. Martin, ARDC #6288389
LITTLER MENDELSON, P.C.
600 Washington Avenue, Suite 900
St. Louis, Missouri 63101
Phone: (314) 659-2000
pmartin@littler.com

*Attorneys for Defendant, Wonolo Inc.*

Firm ID #34950

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that on January 18, 2022, she caused a copy of the foregoing, ***Defendant's Notice to Adverse Parties of Filing Notice of Removal*** to be filed electronically with the Clerk of the Circuit Court of Cook County, Chancery Division, using the Odyssey eFile IL system, and served upon the following via email:

| | | |
|---|---|---|
| Ryan F. Stephan | David A. Neiman | Miranda L. Soucie |
| James B. Zouras | Antonio Romanucci | Spiros Law, P.C. |
| Catherine T. Mitchell | Romanucci & Blandin, LLC | 2807 N. Vermilion, |
| Stephan Zouras, LLP | 321 N. Clark Street, | Suite 3 |
| 100 N. Riverside Plaza, | Suite 900 | Danville, IL 61832 |
| Suite 2150 | Chicago, Illinois 60654 | msoucie@spiroslaw.com |
| Chicago, Illinois 60606 | dneiman@rblaw.net | |
| rstephan@stephanzouras.com | aromanucci@rblaw.net | |
| jzouras@stephanzouras.com | | |
| cmitchell@stephanzouras.com | | |

*/s/ Jennifer L. Jones*
Jennifer L. Jones

4883-7154-6634.1 / 085958-1041

# EXHIBIT 4

**IN THE CIRCUIT COURT OF COOK COUNTY**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

| | |
|---|---|
| **CYNTHIA REDD,** | |
| Plaintiff, | |
| v. | No. 2021-CH-06120 |
| **WONOLO INC.,** | (Removed to the United States District Court for the Northern District of Illinois (Eastern Division), Case No. 1:22-cv-292) |
| Defendant. | |

**DEFENDANT'S NOTICE TO STATE COURT**
**OF FILING OF NOTICE OF REMOVAL**

**TO:**  Clerk of the Circuit Court of Cook County
Richard J. Daley Center, Room 1001
50 W. Washington St.
Chicago, IL 60602

PLEASE TAKE NOTICE that on January 18, 2022, Defendant, Wonolo Inc., by and through its attorneys, Littler Mendelson, P.C., filed a Notice of Removal with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. A true and correct copy of the Notice of Removal is attached as **Exhibit A**.

PLEASE TAKE FURTHER NOTICE that the filing of said Notice of Removal in Federal Court, together with the filing of a copy of said Notice with this Court, effects the removal of this Action in accordance with 28 U.S.C. § 1446(d).

Dated: January 18, 2022                    Respectfully submitted,

*/s/ Jennifer L. Jones*
Jennifer L. Jones, ARDC# 6309353

Kwabena A. Appenteng, ARDC# 6294834
Jennifer L. Jones, ARDC# 6309353
LITTLER MENDELSON, P.C.
321 North Clark Street, Suite 1100
Chicago, IL 60654
Phone: (312) 372-5520
kappenteng@littler.com
jeljones@littler.com

Patricia J. Martin, ARDC #6288389
LITTLER MENDELSON, P.C.
600 Washington Avenue, Suite 900
St. Louis, Missouri 63101
Phone: (314) 659-2000
pmartin@littler.com

*Attorneys for Defendant, Wonolo, Inc.*

Firm ID #34950

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that on January 18, 2022, she caused a copy of the foregoing, ***Defendant's Notice to State Court of Filing Notice of Removal*** to be filed electronically with the Clerk of the Circuit Court of Cook County, Chancery Division, using the Odyssey eFile IL system, and served upon the following via email:

| | | |
|---|---|---|
| Ryan F. Stephan | David A. Neiman | Miranda L. Soucie |
| James B. Zouras | Antonio Romanucci | Spiros Law, P.C. |
| Catherine T. Mitchell | Romanucci & Blandin, LLC | 2807 N. Vermilion, |
| Stephan Zouras, LLP | 321 N. Clark Street, | Suite 3 |
| 100 N. Riverside Plaza, | Suite 900 | Danville, IL 61832 |
| Suite 2150 | Chicago, Illinois 60654 | msoucie@spiroslaw.com |
| Chicago, Illinois 60606 | dneiman@rblaw.net | |
| rstephan@stephanzouras.com | aromanucci@rblaw.net | |
| jzouras@stephanzouras.com | | |
| cmitchell@stephanzouras.com | | |

*/s/ Jennifer L. Jones*
Jennifer L. Jones

4869-7831-6810.1 / 085958-1041